UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SETH TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:25-CV-00025-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER RYAN C. WELLS, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Report and Recommendation ("Recommendation") issued by United States Magistrate Judge Edward B. Atkins, [R. 38], which addresses Defendants Ryan C. Wells and Scott Colvin's Joint Motion for Summary Judgment, [R. 32]. On April 6, 2026, Judge Atkins issued his Recommendation, recommending that the Court grant Defendants' motion. [R. 38, p. 13]. On April 27, 2026, Taylor filed Objections to Magistrate's Petition Recommending Summary Judgment for the Defendants, [R. 39], and Defendants responded, [R. 40]. Thereafter Taylor filed an additional Objection to Defendants' Joint Response in Opposition to Plaintiff's Objection to the Magistrate's Petition Recommending Summary Judgment for the Defendants. [R. 43]. For the reasons that follow, the Court will adopt Judge Atkins's Recommendation as the opinion of this Court and overrule Taylor's objections.

## I.    BACKGROUND

This case arises out of a shooting that occurred outside of a nightclub in Lexington, Kentucky on December 3, 2022, and the subsequent investigation, arrest, detainment, and prosecution of Taylor that followed it. [R. 32, p. 5]. Based on the investigation of this shooting, Taylor was arrested on March 25, 2023, and was held in the Fayette County Detention Center

- 1 -

during the pendency of his criminal proceedings. *Id.* at 6–8. Ultimately, on October 12, 2023, Taylor was acquitted of those charges and released from custody that same day. *Id.* at 8–9.

In May of 2024, Taylor attempted to file this case but mistakenly sent his filing to the "Fayette County District Court." *See* [R. 36, p. 8]; [R. 36-1, pp. 1–2]; [R. 39, p. 3]. On August 16, 2024, Taylor received a returned envelope with this same filing. [R. 36-1, pp. 1–2]. On September 17, 2024, Taylor then signed a complaint which was received by the Clerk and filed as a case before United States District Judge Gregory F. Van Tatenhove (hereinafter "the 2024 Case") on September 27, 2024. *Taylor v. Wells*, No. 5:24-CV-00269-GFVT, at [R. 1] (E.D. Ky. Sept. 27, 2024). On October 7, 2024, Judge Van Tatenhove dismissed the 2024 Case without prejudice due to Taylor's failure to provide sufficient substantive factual allegations against Defendants in his complaint. *See* [R. 36-1, pp. 3–5]. On October 22, 2024, the mailing of that order was returned to the Clerk as undeliverable. *Taylor v. Wells*, No. 5:24-CV-00269-GFVT, at [R. 8] (E.D. Ky. Oct. 22, 2024). Nearly two months later, on December 10, 2024, Taylor sent the Court a notice of his corrected address, upon receipt of which the Clerk promptly remailed the order. *Taylor v. Wells*, No. 5:24-CV-00269-GFVT, at [R. 9] (E.D. Ky. Dec. 10, 2024).

On January 7, 2025, Taylor signed the complaint for this case, but it was not received by the Clerk and filed until February 4, 2025. [R. 1]. In the complaint, Taylor brings various claims against three defendants: (1) Officer Ryan C. Wells, (2) Assistant Commonwealth Attorney James P. Judge, and (3) Warden Scott Colvin. *Id.* It is unclear what claims exactly Taylor brings against these defendants. As helpfully summarized in the pending motion for summary judgment and construing Taylor's complaint broadly and favorably to him, Taylor brings the following claims:

> (1) violation of §1983 (negligence); (2) violation of §1983 (prosecutorial misconduct a/k/a malicious prosecution); (3) violation of §1983 (defamation of character); (4) violation of §1983 (false imprisonment); (5) negligence under Kentucky state law; (6) prosecutorial misconduct or malicious prosecution under

Kentucky state law; (7) defamation of character under Kentucky state law; and (8) false imprisonment under Kentucky state law.

*See id.*; [R. 32, p. 8].

On May 1, 2025, the Court dismissed Taylor's claims against Defendant Judge with prejudice on grounds of absolute immunity. [R. 15]. On February 9, 2026, remaining Defendants Wells and Colvin jointly filed the instant motion seeking summary judgment on all of Taylor's claims against them. [R. 32]. Taylor responded to the motion, [R. 36], and Defendants replied, [R. 37]. On April 6, 2026, Judge Atkins issued his Recommendation, recommending that the Court grant Defendants' motion. [R. 38, p. 13]. On April 27, 2026, Taylor filed Objections to Magistrate's Petition Recommending Summary Judgment for the Defendants, [R. 39], and Defendants responded, [R. 40]. Upon the filing of Defendants' response, this matter was ripe for review. *See* Fed. R. Civ. P. 72(b)(2) (describing timing procedure for response to objections with no mention of a corresponding reply); *HBKY LLC v. ELK River Exp., LLC*, No. 6:21-CV-00101-GFVT-HAI, 2025 WL 4079852, at *1 (E.D. Ky. Oct. 31, 2025) (discussing Rule 72(b) and stating that "[t]hese provisions do not provide for additional replies on the part of the objecting party").

Thereafter Taylor filed a Motion for an Extension to Respond in Opposition to Plaintiff's Objection to Magistrate's Petition. [R. 41]. The Court denied this request and explained that "parties are not entitled to file a reply in support of their objections." [R. 42]. Despite the Court's order, Plaintiff then filed an Objection to Defendants' Joint Response in Opposition to Plaintiff's Objection to the Magistrate's Petition Recommending Summary Judgment for the Defendants. [R. 43]. Nevertheless, the Court has reviewed this additional filing from Taylor along with all other relevant filings in this matter. For the reasons that follow, the Court will adopt Judge Atkins's Recommendation as the opinion of this Court, overrule Taylor's objections, and grant Defendants' motion.

## II.      LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A), a district court judge may designate a Magistrate Judge to submit proposed findings of fact and recommendations for the disposition of certain motions. Within fourteen days of being served a copy of that report and recommendation, any party may file written objections to the Magistrate Judge's proposed findings and recommendation. § 636(b)(1)(C). This Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection, which preserves the issue for appeal, "explains and cites specific portions of the report which counsel deems problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 1997) (citation modified) (internal quotation marks omitted) (quoting *Smith v. Chater*, 121 F.3d 709 (Table), 1997 WL 415309, at *2 (6th Cir. 1997)).

"[A]n objection to an R&R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs." *Dundee v. Univ. Hosps. Corp*, No. 1:19-CV-01141, 2020 WL 511520, at *1 (N.D. Ohio Jan. 31, 2020) (citing *Howard v. Sec. of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Roberts v. Warden, Toledo Corr. Inst.*, No. 1:08-CV-00113, 2010 WL 2794246, at *7 (S.D. Ohio July 14, 2010) ("The Court is under no obligation to review de novo objections that are merely perfunctory or an attempt to have the Court reexamine the same arguments set forth in the original petition."); *McClain v. Hanna*, No. 2:19-CV-10700, 2019 WL 7288768, at *2 (E.D. Mich. Dec. 30, 2019) ("[O]bjections to a report and recommendation should not be used as a vehicle to rehash arguments previously made by the objecting party."). In prohibiting "general objections" to magistrates' reports, the Sixth Circuit stated that

- 4 -

> [a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509; *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995))); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (same). Ultimately, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1)(C).

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment if it finds "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden "of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted); *see also Anderson*, 477 U.S. at 256. That burden may be satisfied by demonstrating that there is an absence of evidence to support an essential element of

the non-moving party's case for which he or she bears the burden of proof. *Celotex Corp.*, 477 U.S. at 323.

Once the moving party satisfies this burden, the non-moving party must then produce "specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial." *Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 205 (6th Cir. 1995) (citation omitted); *see Turner-Meadows v. GM, LLC*, 786 Fed. App'x 592, 595–96 (6th Cir. 2019). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59 (1970)).  However, the Court is not obligated to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id.*

### III.    ANALYSIS

In the Recommendation, Judge Atkins concluded that Defendants are entitled to summary judgment because Taylor's claims are time barred and alternatively the claims fail either because of qualified immunity or on the merits. [R. 38, pp. 4–13]. Judge Atkins accordingly recommends that the Court grant Defendants' motion for summary judgment. *Id.* at 13. Taylor thereafter filed objections to the Recommendation and an additional reply in support of his objections. [R. 39]; [R. 43]. This matter stands ripe for review. Based upon a thorough review of the record, the Court agrees with Judge Atkins's analysis, findings, and conclusions in his Recommendation as detailed below.

## A.    Nature of Objections

As an initial matter, Taylor uses as grounds for these objections many of the same general arguments he made in his response in opposition to Defendants' motion for summary judgment. *Compare* [R. 39 (objections)], *and* [R. 43 (reply in support of objections)], *with* [R. 36 (response in opposition)]. Neither Taylor's conclusory objections nor his reply attempt to explain how Judge Atkins erred in his understanding or application of the facts or the law. *See generally* [R. 39]; [R. 43]. Instead, Taylor broadly objects to the Recommendation's conclusions based on many of the same general arguments that Judge Atkins considered and addressed in reaching those conclusions. The Court need not review these rehashed arguments that Judge Atkins has already thoughtfully and accurately addressed. *See Dundee*, 2020 WL 511520, at *1 (citing *Howard*, 932 F.2d at 509); *Roberts*, 2010 WL 2794246, at *7; *McClain*, 2019 WL 7288768, at *2. Objections such as these that seek to take a "second bite at the apple" "undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013). Nonetheless, based upon a review of the record, and stated in detail below, the Court agrees with Judge Atkins's analysis, findings, and conclusions under any applicable standard.

## B.    Untimeliness of the Claims

Judge Atkins first considered the timeliness of Taylor's claims. [R. 38, pp. 4–7]. Ultimately, Judge Atkins concluded that "Taylor's complaint is untimely, and the Defendants are entitled to summary judgment." *Id.* at 7. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wilson v. Garcia*, 471 U.S. 261, 275–280 (1985). In Kentucky, § 1983 actions are limited

by the one-year statute of limitations for personal injuries found in KRS § 413.140(1)(a). *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run." *Elkins v. Kentucky State Police*, No. 3:08CV-P157-S, 2008 WL 2597554, at *2 (W.D. Ky. June 26, 2008) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)).

Under federal law, "the 'standard' accrual 'rule' starts a limitations period when 'the plaintiff has a complete and present cause of action.'" *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997)) (citation modified). Specifically, in § 1983 cases, the Sixth Circuit applies the "discovery rule," meaning that "a § 1983 claim 'does not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both his injury and the responsible party.'" *Cox v. City of Jackson*, 811 F. App'x 284, 288 (6th Cir. 2020) (quoting *Hall v. Spencer Cnty. Ky.*, 583 F.3d 930, 933 (6th Cir. 2009)); *see also Reguli*, 109 F.4th at 879 (citations omitted). "This objective inquiry asks 'what event should have alerted the typical lay person to protect his or her rights.'" *Cox*, 811 F. App'x at 288 (quoting *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)). "At that point, the plaintiff has a complete and present cause of action, such that he can file suit and obtain relief." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (citation and quotations omitted). Accordingly, and because Taylor alleges no facts or raises any arguments to the contrary, all of Taylor's § 1983 claims accrued either on or before October 12, 2023: the date of his acquittal.[1]

---

[1] Given that all of the relevant facts underlying Taylor's claims were known to him by the date of his acquittal on October 12, 2023, the analysis as to the latest possible date that accrual could have begun is the same under either the standard accrual or discovery rule.

For Taylor's state law claims of negligence, malicious prosecution, defamation, and false imprisonment, those too are also all subject to the one-year statute of limitations. *See* KRS § 413.140. Further, the accrual date for all of Taylor's state law claims also occurred no later than October 12, 2023. *See Queensway Fin. Holdings Ltd. v. Cotton & Allen, P.S.C.*, 237 S.W.3d 141, 147 (Ky. 2007) (describing accrual of negligence claims); *Dunn v. Felty*, 226 S.W.3d 68, 72–74 (Ky. 2007) (false imprisonment and malicious prosecution claims); *Caslin v. Gen. Elec. Co.*, 608 S.W.2d 69, 70 (Ky. Ct. App. 1980) (defamation claims). Taylor alleges no facts that would suggest that his claims accrued any later than this date. *See generally* [R. 36]; [R. 39]; [R. 43]. Although many of Taylor's claims likely accrued well before his acquittal on October 12, 2023, none accrued any later than that date. For the sake of simplicity, the Court will treat the operative accrual date for all of Taylor's claims as October 12, 2023. Accordingly, without tolling the statute of limitations, all of Taylor's claims became time barred on October 13, 2024; one year and one day after the accrual date.

### 1.    Prisoner Mailbox Rule

Taylor asks the Court to consider his claims timely because of the so-called "prisoner mailbox rule." *See* [R. 39, pp. 3–4]; [R. 43, p. 4]. As first established by the Supreme Court, the prisoner mailbox rule requires courts to consider the date of a filing based on when the prisoner plaintiff properly deposited that filing into the prison mail system. *Houston v. Lack*, 487 U.S. 266, 270–72 (1988); *see also Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (per curiam) (extending the prisoner mailbox rule in *Houston v. Lack* to a pro se prisoner's filing of a medical malpractice action); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (applying the prisoner mailbox rule in the filing of a § 1983 action). The burden lies with the plaintiff to prove that he is entitled to benefit from the prison mailbox rule. *See United States v. Smotherman*, 838 F.3d 736,

737–38 (6th Cir. 2016) (the inmate "always held the burden of proving timeliness" of appeal, under prison mailbox rule or otherwise); *Leavy v. Hutchison*, 952 F.3d 830, 832 (6th Cir. 2020). However, "absent contrary evidence," courts assume that an incarcerated person deposited a legal filing into the prison mail system "on the date he or she signed [it]." *Brand*, 526 F.3d at 925; *Goins v. Saunders*, 206 Fed. Appx. 497, 498 n.1 (6th Cir. 2006) (per curiam) ("[W]e treat the petition as filed on the date [the prisoner] signed it."). Accordingly, the operative filing date for the 2024 Case was September 17, 2024, *see Taylor v. Wells*, No. 5:24-CV-00269-GFVT, at [R. 1, p. 11] (E.D. Ky. Sept. 27, 2024), and for this case it was January 7, 2025, *see* [R. 1, p. 8].[2]

### 2.    Equitable Tolling

Since Taylor did not file this case until January 7, 2025—well after the October 12, 2024, deadline—without tolling the statute of limitations, Taylor's claims are all time barred. Taylor repeatedly makes arguments suggesting that his claims are timely based on some equitable

---

[2] Although Taylor repeatedly asks the Court to apply the prisoner mailbox rule, he never once provides when he deposited in the prison mail system either the complaint in the 2024 Case or the complaint in the instant case. *See Taylor v. Wells*, No. 5:24-CV-00269-GFVT, at [R. 1 (2024 Case complaint)] (E.D. Ky. Sept. 27, 2024); [R. 1 (instant case complaint)]; [R. 36, pp. 8–9 (response to Defendants' motion for summary judgment)]; [R. 39, pp. 2–6 (objections to Recommendation)]; [R. 43, pp. 2–4 (reply in support of objections)]. This gives the Court some pause as to the application of the prisoner mailbox rule in this instance, as many courts have held that failing to allege when a filing was deposited in the prison mail system does not sufficiently invoke the prisoner mailbox rule. *See, e.g.*, *Henderson-El v. Maschner*, 180 F.3d 984, 985–86 (8th Cir. 1999) ("The only facts before the Court are that Appellant signed the petition on April 20, 1997, and the Clerk's office filed it on May 6, 1997. . . . Because Appellant failed to provide any evidence of the date on which he mailed his petition, he may not avail himself of the benefits of the prison mailbox rule."); *In re Bourgeois*, 488 B.R. 622, 626 (B.A.P. 8th Cir. 2013) ("[T]he record did not reveal the date Debtor deposited his notice of appeal in the prison mail system, only the date he signed it and the date the bankruptcy clerk received and filed it. Under the circumstances, Debtor could not invoke the prison mailbox rule." (citation omitted)); *Johnson v. Yordy*, No. 1:18-CV-00153-CWD, 2019 WL 2527561, at *1 (D. Idaho June 19, 2019) ("Because the Petition does not provide the date on which Petitioner delivered the petition to prison authorities for filing by mail, Petitioner is not entitled to the benefit of the mailbox rule." (citations omitted)); *Harrison v. Nicholson*, No. 1:20-CV-00244-MR, 2021 WL 2144913, at *1 n.1 (W.D.N.C. May 26, 2021) ("The Plaintiff does not receive the benefit of the prisoner mailbox rule for any of these Motions because he does not certify the date on which he delivered it to prison authorities for mailing."); *United States v. Dewitt*, No. 3:13-CV-206, 2013 WL 12330657, at *2 (S.D. Ohio June 24, 2013) ("[The defendant] does not even invoke the mailbox rule because he does not tell the Court when he deposited his Motion with the prison authorities."). Nonetheless, with no "contrary evidence" of when Taylor deposited the complaints into the prison mail system, the Court will assume that the documents were filed the same day that Taylor signed them. *See Brand*, 526 F.3d at 925.

grounds. *See generally* [R. 36]; [R. 39]; [R. 43]. Accordingly, as Judge Atkins likewise did, the Court considers whether Taylor's claims should be equitably tolled.

"Equitable tolling pauses a limitations period and does not require any wrongdoing, but rather applies when a plaintiff, 'despite all due diligence . . . is unable to obtain vital information bearing on the existence of his claim.'" *Williams v. Hawkins*, 594 S.W.3d 189, 193 (Ky. 2020) (quoting *Chung v. U.S. Dept. of Justice*, 333 F.3d 273, 278 (D.C. Cir. 2003)). In other words, "[e]quitable tolling pauses the running of, or tolls, a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Id.* (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)) (internal quotation marks omitted). Thus, to succeed on an equitable tolling argument, Plaintiff bears the burden of showing that (1) he "has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 194 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Lastly, "the doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

First, Taylor suggests that his claims should be deemed timely because he originally attempted to file this complaint back in May of 2024, "but the packet was mistakenly sent to the wrong address." *See* [R. 36, p. 8]; [R. 39, p. 3]. Taylor attaches an image of the returned envelope that shows that it was addressed to the "Fayette County District Court." [R. 36-1]. Taylor states that upon receiving this returned envelope on August 16, 2024, "Plaintiff then refiled 1983 claim in the approximate month of August 2024." [R. 38, p. 8]. This is not true. As previously stated, Taylor signed the complaint in the 2024 Case on September 17, 2024, over one month after he received the returned filing. *Taylor v. Wells*, No. 5:24-CV-00269-GFVT, at [R. 1, p. 11] (E.D. Ky. Sept. 27, 2024). Nonetheless, even if he had acted promptly, his mistaken filing to the Fayette

- 11 -

County District Court would not entitle him to equitable tolling of the statute of limitations. *See Thomas v. Trieweiler*, No. 18-CV-11620, 2019 WL 670196, at *3 (E.D. Mich. Feb. 19, 2019) ("[P]etitioner's mistake in sending his post-conviction appeal to the wrong address or forum was not an extraordinary circumstance that would toll the limitations period, but was simply a 'garden variety claim of excusable neglect' that would not justify equitable tolling."); *Gutierrez v. California,* 411 F. App'x 952, 953 (9th Cir. 2011) (finding that a state prisoner's confusion about the proper address of state court of appeal was not an extraordinary circumstance that would warrant equitably tolling the limitations period for his petition for writ of habeas corpus); *U.S. v. Kirkham*, 367 F. App'x 539, 541–43 (5th Cir. 2010) (finding a federal defendant's error of sending his motion to a state court rather than to the federal district court was, at best, a "garden variety" claim of excusable neglect, and thus was insufficient to justify equitable tolling); *Hill v. Jones*, 242 F. App'x 633, 636–37 (11th Cir. 2007) (finding that the prisoner's error did not warrant equitable tolling because error was both within the prisoner's control and avoidable by him with even minimal diligence, and there was no evidence that the filing delay was a consequence of malfeasance on the part of the state); *Bunting v. Phelps*, 687 F. Supp. 2d 444, 448 (D. Del. 2009) (finding that petitioner's act of filing a state post-conviction motion in the wrong court did not justify equitable tolling); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Accordingly, Taylor's own mistake in sending his complaint to the wrong court is not an adequate basis to equitably toll the statute of limitations.[3]

---

[3] Insofar as Taylor also argues that his unfamiliarity with procedural requirements as a pro se litigant should compel the Court to equitably toll the statute of limitations, that argument is also unavailing. Ignorance of the law by pro se litigants does not toll the limitations period. *See Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (citation omitted); *Harrison v. I.M.S.*, 56 F. App'x 682, 685–86 (6th Cir. 2003); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."), *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003).

Plaintiff's main argument is that the Court should consider his claims as timely because he filed the 2024 Case within the one-year limitation period. *See* [R. 36, pp. 8–9]; [R. 39, pp. 4–6]; [R. 43, pp. 2–4]. Specifically, Taylor states that "[t]he Clerk dismissed the petition in error, pursuant to the Rules Governing Section 2254 Cases Rule 3(b). The Clerk must file the Plaintiff's original petition and enter it on the docket which would then show that the initial filing commenced within the one-year statute of limitation required." [R. 39, pp. 5–6 (cleaned up)].[4] This argument is unavailing. First, the Rules Governing Section 2254 and 2255 Cases are not applicable here because Taylor brings a § 1983 action and not a habeas petition. Second, even if that rule applied, Rule 3(b) only requires that the Clerk file the petition, which the Clerk did in fact do in the 2024 Case. *See Taylor v. Wells*, No. 5:24-CV-00269-GFVT, at [R. 1] (E.D. Ky. Sept. 27, 2024).  The same is true considering the application of the parallel rule under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."). Taylor is mistaken that "the Clerk dismissed the Petition." [R. 39, pp. 5–6]. Instead, it was Judge Van Tatenhove, not the Clerk, who dismissed the 2024 Case due to Taylor's failure to provide sufficient substantive factual allegations against Defendants in his complaint. *See* [R. 36-1, pp. 3–5].

---

[4] Taylor's argument under the Rules Governing Section 2254 Cases is the only argument from his objections or reply that does not simply rehash the same general arguments that he made in his response in opposition to Defendants' motion for summary judgment. *Compare* [R. 39 (objections)], *and* [R. 43 (reply in support of objections)], *with* [R. 36 (response in opposition)]. However, his argument is not a specific objection that explains the errors of Judge Atkins's analysis, but instead, it is an argument that Taylor failed to make before Judge Atkins in his response. *See generally* [R. 36 (response in opposition)]. By raising this argument for the first time only in his objections to Judge Atkins's Recommendation, Taylor waived this argument. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (finding waiver when the defendant failed to make his claim before filing his objections); *The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (noting that the Sixth Circuit has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver"); *Houghton v. United States*, No. CV 6:15-090-DCR, 2016 WL 5213923, at *2 (E.D. Ky. Sept. 20, 2016) (citing *Glidden*, 386 Fed. App'x. at 544 n.2) ("As an initial matter, arguments raised for the first time in objections to a magistrate judge's report are deemed waived.").

Further, while dismissal in the 2024 Case was without prejudice, *see id.*, the filing of the 2024 Case or its dismissal did not toll the deadline by which that refiling needed to occur by. *See Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 457 (6th Cir. 2009) ("We have consistently held, however, that a dismissal of a suit without prejudice usually does not toll the statute of limitations." (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987) (per curiam))); *Ester v. Amoco Oil Co.*, No. 93–6530, 1995 WL 518867, at *2 (6th Cir. Aug. 31, 1995) ("It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." (quoting *Wilson*, 815 F.2d at 27)); *Wilson*, 815 F.2d at 28 ("[D]ismissals without prejudice operate to leave the parties as if no action had ever been commenced. . . . If the period of limitations has run by the point of such a dismissal, any new action is generally untimely." (citation omitted)); *Adams v. Saul*, No. CV 7:19-88-KKC, 2020 WL 7083939, at *2 (E.D. Ky. Dec. 3, 2020) ("If a lawsuit is dismissed without prejudice, the dismissal does not toll the statute of limitations." (citation omitted)); *Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 64–65 (D.D.C. 2015) ("Plaintiffs are correct that when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." (citation and quotation marks omitted)); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." (citations omitted)). Taylor therefore had until October 12, 2024, to refile before his claims became time barred. Taylor instead filed his complaint in this case on January 7, 2025, nearly three months after the limitations period had expired.

Lastly, the Court notes that Judge Van Tatenhove's October 7, 2024, order dismissing the 2024 Case was initially returned as undeliverable. *See Taylor v. Wells*, No. 5:24-CV-00269-GFVT, at [R. 8] (E.D. Ky. Oct. 22, 2024). The Clerk had mailed that order to the address that Taylor provided in his complaint. *Compare id.*, *with id.* at [R. 1 (complaint)] (E.D. Ky. Sept. 27, 2024). Two months later, Taylor updated the Court with his correct mailing address on December 10, 2024, and the Clerk remailed the order to that corrected address. *Id.* at [R. 9] (E.D. Ky. Dec. 10, 2024). "The Sixth Circuit has explained that a prisoner plaintiff has 'an affirmative duty to supply the court with notice of any and all changes in his address,' and that a failure to do so will not excuse the prisoner from procedural requirements based upon a claimed lack of service." *Benson v. Corr. Corp. of Am.*, No. 4:08CV469, 2009 WL 2461016, at *1 (N.D. Ohio Aug. 7, 2009) (quoting *Holman v. Haskell*, No. 92–1809, 1993 WL 424848, at *1 (6th Cir. Oct. 19, 1993)); *see also Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address." (citation omitted)); *Watsy v. Richards*, 816 F.2d 683, 683 (6th Cir. 1987) (finding in a case filed by a pro se litigant that "the record clearly discloses that appellant failed to provide the district court with information regarding his current address necessary to enable communication with him"). In a case with a similar procedural posture as here, one court explained:

> [Plaintiff Clark's] failure to timely learn of the Court's dismissal is his fault. . . . Assuming he changed his address while *Clark I* was pending, which would bolster Clark's contention that he did not receive the dismissal order, it is clear from the record in *Clark I* that he did not inform the Court of his new address. *And the fact that Clark properly updated his address in this case indicates he was not only aware of his obligation but is able to comply with it.* Thus, *Clark cannot rely on a delay he caused* in *Clark I* to *request tolling in this case*.

*Clark v. Wormuth*, No. 2:21-CV-12022, 2022 WL 17819359, at *6 (E.D. Mich. Aug. 25, 2022) (emphasis added) (citations omitted), *report and recommendation adopted*, No. CV 21-12022,

2022 WL 17668453 (E.D. Mich. Dec. 14, 2022); *see also Brewer v. Technicolor Warehouse*, No. 07-2350-B/V, 2007 WL 1857322, at \*3 (W.D. Tenn. June 26, 2007) ("Even if Plaintiff moved at some time after filing her previous complaint, the most basic responsibility of a litigant is to keep the Court and the other parties informed of her whereabouts. Her change of address provides no basis for equitable tolling."); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Accordingly, the two-month period during which the order dismissing the 2024 Case was returned as undeliverable should also not be equitably tolled because it was caused by Taylor's own failure to provide the Court with his correct mailing address or otherwise promptly update the Court if his address had changed.

But even assuming that equitable tolling applies for the period that the 2024 Case was pending and the two months that Taylor failed to correct his address, Taylor's claims would still be time barred. Taylor's claims all accrued on or before October 12, 2023. Instead of quickly pursuing any of these claims, Taylor waited seven months until May of 2024 to first attempt to file suit. Due to Taylor's own mistake, the Court never received this attempted filing. Taylor was notified of this mistake on August 16, 2024, but again waited over a month to attempt to file again. Assuming that Taylor delivered his mail to prison authorities on the same day that he signed it, Taylor filed the 2024 Case on September 17, 2024: twenty-five days before the deadline to timely file these claims. Judge Van Tatenhove dismissed the 2024 Case on October 7, 2024, and the Clerk mailed that order to the address that Taylor provided in his Complaint. It was not until December 10, 2024, that Taylor filed a notice of corrected address with the Court, upon which the Clerk mailed the order a second time. Even if the Court paused the clock until this date *and* granted Taylor the remaining twenty-five days that he had when he signed the complaint in the 2024 Case,

Taylor would still have needed to refile these claims by no later than January 6, 2025.[5] He did not. Instead, he signed the complaint for this case on January 7, 2025, which was not received by the Court until February 4, 2025.

As discussed, Taylor is not entitled to equitable tolling on any grounds. In fact, because dismissal without prejudice does not toll the statute of limitations, *see supra* p. 14, all of Taylor's claims became time barred on October 13, 2024. Nonetheless, even if the Court were to grant Taylor all potential equitable considerations, it would still not cure the untimeliness of his claims. Accordingly, Defendants are entitled to summary judgment as to all claims on this basis alone.

### C.    Qualified Immunity and Merits

After concluding that Defendants are entitled to summary judgment because all of Taylor's claims are time barred, Judge Atkins thereafter considered the issues of summary judgment based upon qualified immunity grounds and on the merits. [R. 38, pp. 7–13]. Judge Atkins first considered the qualified immunity issue for Taylor's § 1983 claims against Wells. Judge Atkins concluded that under Sixth Circuit law and because Taylor has neglected to conduct meaningful discovery in this case, "Detective Wells is entitled to qualified official immunity on Taylor's § 1983 claims." *Id.* at 9. Judge Atkins then turned to the application of qualified immunity to Taylor's state law claims and found that "[b]ecause Taylor has failed to produce any direct or circumstantial evidence of the Defendants' 'bad faith,' he cannot overcome the presumption of 'good faith' for discretionary acts." *Id.* (citing *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006)). Accordingly, Judge Atkins concluded that "Defendants Wells and Colvin are entitled to qualified official immunity on Taylor's state law claims." *Id.* at 9–10.

---

[5] Twenty-five days after December 10, 2024, was Saturday January 4, 2025. However, since that day was a Saturday, the filing would have been due on the following Monday, January 6, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C).

Ultimately, Judge Atkins concluded that Taylor's § 1983 claims against Wells, his state law claims against Wells, and his state law claims against Colvin all fail because of qualified immunity. *Id.* at 9–10. Judge Atkins did not determine whether qualified immunity applied to Taylor's § 1983 claims against Colvin. *Id.* at 10. Consequently, Judge Atkins then considered the merits arguments for those remaining claims and concluded that each of Taylor's § 1983 claims against Colvin fail on the merits. *Id.* at 10–13. Ultimately, Judge Atkins found that Defendants are alternatively entitled to summary judgment on all of Taylor's claims under either qualified immunity grounds or on the merits.

As mentioned, Taylor's objections to Judge Atkins's findings on these issues are not specific objections explaining any supposed error in Judge Atkins's analysis but are instead general objections that rehash largely the same arguments that Taylor made in his response. *See supra* p. 7. Nonetheless, the Court has reviewed the Recommendation on these additional issues and Taylor's arguments in his response, [R. 36, pp. 5–8], objections, [R. 39, pp. 6–15], and reply in support of his objections, [R. 43, pp. 4–11]. The Court agrees with Judge Atkins and finds that, as an alternative basis, Defendants are also entitled to summary judgment on all of Taylor's claims either under qualified immunity grounds or on the merits.

## IV.    CONCLUSION

For the foregoing reasons, the Court adopts Judge Atkins's Report and Recommendation and overrules Taylor's objections. Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Magistrate Judge Edward B. Atkins's Report and Recommendation, [**R. 38**], is **ADOPTED** as the Opinion of the Court.

2. Plaintiff Seth Taylor's Objections to Magistrate's Petition Recommending Summary Judgment for the Defendants, [**R. 39**], are **OVERRULED**.

3. Defendants Ryan C. Wells and Scott Colvin's Joint Motion for Summary Judgment, [**R. 32**], is **GRANTED**.

4. This matter is **STRICKEN** from the Court's docket.

5. A separate judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 25th day of June, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

- 19 -